Good afternoon, Illinois Appellate Court First District Court is now in session, the Fifth Division. The Honorable Justice Mathias DeLorde presiding, case number 1-6-2956, People v. Stephen Zirkle. Good afternoon everyone, welcome to the Illinois Appellate Court First District. We're going to ask the lawyers who are going to argue the Zirkle case today. Please introduce yourselves to us. First for the defendant. Good afternoon, my name is Stephen Gentry, Petitioner Stephen Zirkle. And for the state. Assistant State's Attorney Jessica Ball on behalf of the people, good afternoon. All right, thank you counsel. I did not hear the Assistant State's Attorney, I just heard Assistant State's Attorney but I didn't hear anything else after that. Could you enhance your audio a little please? I will try. My name is Jessica Ball on behalf of the people. Thank you. Thank you. Whatever you did worked. Okay. Thank you. We're going to allow about 15 minutes for each side. Please remember we have read the briefs and are familiar with the facts of the case. We may extend that if we have lots of questions. We'll see how it goes and the defendant will have an additional five minutes in a reply. Mr. Gentry, you may proceed when ready. Thank you. Your Honor, the dismissal of Stephen Zirkle's post-conviction petition should be reversed because his prior post-conviction attorney, Stephen Richards, was laboring under a per se conflict of interest when he raised multiple allegations of his own ineffectiveness as Zirkle's trial counsel. The alternative in this case should be remanded because Mr. Richards failed to provide reasonable assistance by documenting the claims as required by statute or explaining their absence. Finally, this matter should be assigned to a new judge on remand because Judge Chambers was accused of bias based in part on matters outside the record and Judge Chambers' affidavit denying this bias is contradicted by the record. The state argues that the nature of Richards' conflicts with Zirkle is not included among the three types of per se conflicts recognized by the Illinois Supreme Court in Hernandez and reiterated last year in Green, all of which involved prior professional associations or current professional associations of the attorney adversely situated to the attorney's claim. Neither Hernandez nor the subsequent cases reaffirming Hernandez have ever directly addressed whether an attorney arguing his own ineffectiveness also has a per se conflict of interest. To the extent that Hernandez, Green, or any other cases suggest in dicta that the three Hernandez categories are exclusive, this would appear to be an oversight and should be clarified. Mr. Gentry, I have a question for you. You're saying that Green may have suggested in dicta that there are only three categories. I thought it was a pretty clear definitive statement from the Supreme Court that they declined the invitation to extend to a fourth category in order to find that the facts and conflict of interest. Tell me why you think otherwise. Well, Your Honor, the question at issue here, whether an attorney is laboring under a per se conflict by arguing his or her own ineffectiveness, it's actually a higher level of conflict. It's not the type of conflict that was discussed in Hernandez. Those involve professional associations. Conflict here is actually significantly greater. It involves the attorney, him or herself, being adversely situated. Mr. Gentry, perhaps my question was inartfully formed, so it wasn't clear. There are only three categories, according to the Illinois Supreme Court, in which we can find a per se conflict of interest. There is not a fourth one. You are inviting us, in my opinion, from reading your brief to find a fourth category or to say that the Supreme Court did not exclusively limit it to three. And I'm telling you that my reading of Green is that they did. So I want you to tell me why I'm wrong. Your Honor, the court was not considering this type of a situation. And this type of a situation is, in fact, one where the attorney's interest in conflict to his clients is actually his own. It is present there. And the Illinois Supreme Court, while not directly addressing it in Green or Hernandez, it was addressing a separate type of conflict. So what I would say is we are not asking this court to carve out a new type of association that would be considered a conflict. We're asking this court to recognize, as the Illinois Supreme Court has in the Krankel series of cases, that it is inherently a conflict of interest for an attorney to Are you suggesting, then, that in this kind of a case, we need to get ourselves outside the per se conflict three circumstances box and simply say this is an actual conflict and therefore the limitations of the Supreme Court in Green just don't apply at all? Your Honor, in People v. Brown, an appellate court case, the appellate court did essentially find what you're suggesting. And I think that certainly that is grounds and alternative grounds for remand here. I would also say that where the Supreme Court has not directly addressed the question of whether this is a per se conflict, and really, because it is a situation where it is the nature of the relationship, the fact that the attorney is being accused by his own client of ineffective assistance, this is essentially a per se conflict. Now, it is not within the Hernandez set of three. I would ask this court to add this not to that set of three, but as a separate category of still per se conflict, but in the alternative consistent with Brown, where the attorney is arguing his own ineffectiveness. And as Mr. Zirko has argued, an argument too, that counsel has performed unreasonably by failing to attach documentary evidence and affidavits, including in this case, photographs that counsel stated that counsel had in his possession, then this would require reversal due to unreasonable assistance, which in combination with the argument of counsel's own ineffectiveness is... Ms. Gentry, I didn't hear you answer Justice Delord's question as I understand it, but I'll ask it myself in my own way. Are you arguing an actual conflict of interest or are you arguing a per se conflict of interest? Both, Your Honor. I didn't see that your arguments in your brief were developed in terms of arguing an actual conflict of interest. So, is it your position here today that you are arguing an actual conflict of interest, although you spent the majority of time in your supplemental briefing in basically laying out what you believe to be a per se conflict of interest. So, are you also arguing in the alternative that the facts and circumstances here give rise to an actual conflict of interest? Is that your position? Yes, Your Honor. Argument two asserts exactly that, that counsel's unreasonable performance in advancing these claims by failing to document them requires reversal consistent with Brown, which found exactly what this court is suggesting, that it could be considered an actual conflict of interest. Oh, we're not suggesting that at all. We're asking you. We're not suggesting that. We are asking you, is that your position? So, if you think I'm suggesting that, let me clear that up right away. I am asking you whether that is your argument and whether that is your position. I certainly did not intend to put words in this court's mouth. What this court is asking is exactly what Mr. Zirko was asserting an issue to the counsel's failure to document the claims as in people versus Brown requires reversal consistent with Brown, where it was found to be an actual conflict of interest. Zirko further argues that the mere failure on counsel's behalf, on counsel's part to document the claims in the petition, even claims that counsel professed to have documentation of requires reversal in the appointment of new counsel. You know, excuse me, can I just go back to this? Is there anything in your brief, your supplemental brief that says you're alleging both in the alternative per se and actual? I saw your other argument, just that there was, you know, that he was inadequate, inadequate post-conviction representation. Is that what you're saying is your actual conflict argument? Your honor, without any other elements, the unreasonable performance of counsel requires reversal consistent with the authority cited. The fact that this occurred within the context of counsel arguing his own ineffectiveness consistent with Brown as cited within the brief is an actual conflict of interest. It's an additional element that's not required. It was certainly cited to in terms of the authority that held that, but Mr. Zirko is arguing that that additional element is not required, but certainly it's present here every bit as much as it is in Brown. And the state in its response to Mr. Zirko's brief didn't even touch people. Well, I guess what I'm still trying to get at is I understand from your briefing very clearly that you are arguing a per se conflict of interest. That is not my understanding from your, I should say, your inferences and your illusion to perhaps there is also an actual conflict of interest, but in my reading of the work that you submitted, that argument is certainly not developed in my opinion, but that's why I was asking you and giving you an opportunity to tell me whether that is in fact what you are attempting to do. What Mr. Zirko was arguing, however, Mr. Zirko is not conceding that there is an additional element to actual conflict of interest that has not been developed or argued here. People versus Brown, which Mr. Zirko cited and which the state ignores in its brief, contains all of the elements here and Mr. Zirko argued them under issue two in this So Mr. Zirko has argued all of the facts and has cited to all of the law that is required to disqualify counsel without a per se conflict of interest. Related counsel's argument of these issues of zone of ineffectiveness where counsel failed to attach the required documentation. States claim, by the way, that this was a strategic decision on the part of defense counsel is not legally appropriate this time because the second stage, there have been no findings of fact. Certainly at an evidentiary hearing, the court would consider this, but counsel concedes in the briefing that he submitted in this case that counsel was unreasonable in part for not attaching documentation and counsel's argument before at the dismissal stage indicated not that counsel had concluded that there was no additional documentation that could be attached. Counsel articulated the idea that nothing was required. You know, counsel, I'm looking at your brief on page 37 where you discuss people versus Brown and in your final paragraph on that page, you say that if we decline to find a per se conflict of interest, we should find that Richard nevertheless provided unreasonable assistance. So I still see that argument being an unreasonable assistance argument and not one asserting an actual conflict of interest. Your Honor, there are no additional elements required for this court to reverse due to using the phrase actual conflict of interest requires of Mr. Zirko. Mr. Zirko has argued consistent with Brown that had reversal that it lines up perfectly with this case. Counsel was arguing his own ineffectiveness. Counsel failed to document these claims in the petition. Because of this, reversal is required. This is similar to the whole line of cases in the Illinois Supreme Court discussing what is required in terms of reasonable assistance of counsel from Johnson to Suarez and Turner. All of these cases are clear that if counsel does not attach the documentation required, reversal and remand is required. But do you without consideration of Mr. Gentry, I have to ask again, because you really haven't answered the question. But do you think you have an obligation to state with some clarity so that the state would have the opportunity to respond with the same level of clarity that you are not only asserting a per se conflict of interest, but in the alternative, you are also asserting an actual conflict of interest. Your argument is that you are asserting or essentially arguing that the court should have recognized or read between the lines that you were actually arguing an actual conflict of interest, although you didn't clearly state that. And is that, I mean, is that accurate? Is that what you're saying? Because I've read this, as Justice Szilard told you, we've read this very carefully. And I cannot say that you have argued with clarity that in the alternative, if you do not find a per se conflict of interest, here is why I believe there is an actual conflict of interest. What you have argued is unreasonable assistance. And while some of the elements may be the same, that in my mind, that is a different argument. That's all I'm trying to get you to clarify. And somehow we keep dancing on the head of a pin, and I can't seem to get to where I am understanding what your response is. Senator, I think you're being very clear in terms of expressing that Mr. Zirko has not set forth an entire separate argument that this is an actual conflict of interest, outside the unreasonable assistance argument, which, as I've said a number of times, does not, according to Brown, does not require any additional elements to be played. So we're talking semantics here in terms of actual conflict of interest or unreasonable assistance of counsel. Both of them have the same factual basis. Both arguments would certainly cite to Brown. The state has not responded. Mr. Zirko definitely did cite Brown. There's no reason why the state would have not responded to it, other than the fact that there's absolutely nothing about this case that's different than Brown that would call for a different result. Counsel, your time. Go ahead, Justice Retscher. Sorry. Just as to the inadequacy of post-conviction counsel's representation, your argument paints it with a brush, if you will. You don't really go through. I mean, there was many, many arguments raised in the post-conviction petition about inadequacy of representation of trial counsel and appellate counsel. But you don't really break them down. You just say, in general, there was no supporting evidence. Is that enough for you to preserve that argument on appeal here? Your Honor, I think that's not quite right. Certainly, Mr. Zirko pointed out in the briefing that there were five specific claims in particular that were not documented. And those were the cuts on his hand were a result of an eczema condition, that there were alternate suspects that he had informed counsel about, that there was additional gunshot residue-related testimony that would have been helpful, that YSMR testing on the day evidence would have been helpful, and that the statement of Jamie Jett could have been cross-examined to elicit useful information. So those are five specific examples that Mr. Zirko argued. And of those five, Mr. Zirko argued, and I would emphasize again, that the most significant was the photographs of Mr. Zirko's hands related to his medical condition, which counsel stated were in counsel's possession. Counsel, your time has expired. I do have one more question before we conclude. I have a couple of questions also, Justice DeLorge. All right, I will call you next, Justice Cunningham. Thank you. Mr. Gentry, this case was dismissed at the second stage. The petition was dismissed at the second stage. Are you looking for us to advance it to the third stage, or are you asking that the case remain at the second stage so that new counsel could conceivably amend the petition? And for second stage proceeding, Your Honor. You cut out. Could I ask you to repeat your answer, please? Second stage, not an evidentiary hearing at this time, but remain for second stage so that new counsel could properly frame the claims. All right, Justice Cunningham. Okay, thank you. That was one of the questions that I wanted to ask. So you asked that for me, Justice DeLorge. Mr. Gentry, assume for a moment that the per se conflict of interest that you argued so vigorously may not fit within what the statute said in green. And I think you may have answered this already. But specifically, and I would like you to be specific, give me one, two or three factors that you are relying upon to establish that the reversal that you're asking us to make should be based on unreasonable assistance of counsel. Tell me what the three things are. I know you said one was the cuts on his hands. What are the others? The other claims that this pertains to were that Mr. Zirko had informed counsel that there was an alternate suspect. And consistent with this, Mr. Zirko was asking that, was complaining that counsel did not elicit some DNA evidence from a state's expert on the stand or submit evidence to DNA testing that would have been helpful to the defense related to the alternative suspect theory. Okay, thank you. Justice DeLorge, because I asked so many questions of Mr. Gentry, I think I used up more of his time than he probably liked. So if he has anything that he would like to tell us, I would ask that you allow him to do so. Absolutely. Can I sneak in one question before that? The people versus Brown case that you're relying, is that an unpublished decision? I don't believe so, Your Honor. Okay, thank you. All right. Counsel will give you two more minutes just to wrap up. Your Honor, I appreciate the time and the questions that this court has asked in looking into these issues. I would just say that for the reasons argued, this court should remand. I believe that this is the type of conflict that is in the nature of a per se conflict. It is outside of the set of three identified in Hernandez. So any alternative, Mr. Zirko asks this court remand because counsel rendered unreasonable assistance. The state seems to concede that without attaching these documents, the petition had to be dismissed and counsel has conceded that this was not actually, as the state says, a strategic decision. And finally, Mr. Zirko argues that because Judge Chambers was accused of bias based in part on evidence outside the record, that this matter should be remanded in front of a different judge. Thank you, counsel. Ms. Ball, you may proceed. Your audio is off. Your microphone is off. Can you hear me? Barely. Is this any better? That's much better. Thank you. I'm sorry. Your honors, as Justice Cunningham pointed out, the law is clear with respect to per se conflict. There are only three situations the Illinois Supreme Court has recognized where a per se conflict exists. This is not one of them. And the Supreme Court has had multiple opportunities to expand its definition of a per se conflict to include a category where a defense attorney alleges his own incompetence, but the Illinois Supreme Court has chosen not to do so. For example, in Zareski, in Perkins, and in Sullivan, the appellate court, including this district, all refused to find a per se conflict where an attorney alleges his own incompetence and PLAs were denied in each case. So the defendant's argument that the language in Hernandez or even Green would allow for more categories of per se conflicts to be added in the future, it fails. The Supreme Court has made clear repeatedly, only three categories exist, and they've refused repeatedly to create a fourth category. The defendant's argument regarding the Krenkel analysis does not help in this regard. It's simply not the same situation. In Krenkel situations, you have a defendant who pro se argues that his trial attorney is ineffective. The trial counsel himself may not be in agreement and may be forced to defend against those allegations. Here, defense counsel is asserting and arguing his own ineffectiveness on behalf of the defendant. He is on the same page with the defendant. There is, it's not a conflict of interest in any way. It's actually the same interest. So there is no per se conflict. How is it the same interest? I mean, there's going to be some natural desire on the part of any, I think any well thinking attorney will not want to publicly state that he was incompetent. I mean, I can't imagine. While it may be helpful to the defendant, I can't imagine it is helpful to the attorney. So how do you say that that's the same interest? It's not the defendant who pro se on his own is arguing that his attorney is ineffective and his attorney would be combating those allegations. It's the attorney himself explaining that perhaps he made a mistake. Perhaps he did not object when he should have for some reason that his actions were ineffective. And he's doing that on behalf of his client. They have the same interests in that regard. It's true. But ineffective assistance of counsel is a pretty serious allegation. It's a little bit more than saying, perhaps I may have made a mistake or maybe I chose the wrong strategy. It's, I think we would all agree that it's a little bit more than that. It's, you know, it goes to the very competence and reputation of that lawyer. Exactly, which is why it would need to be analyzed under an actual conflict of interest. It is definitely does not fit into the category of a per se conflict. You need to look at it in terms of an actual conflict where the defendant would need to demonstrate that the attorney's incompetence actually prejudiced him. Has that happened in cases? Yes. Is this one of them? No. In fact, as your honors have pointed out, defense counsel did not make an actual conflict argument. Even so, the record shows that the defendant would not be able to establish prejudice because none of the underlying claims lack merit. Defense counsel tries to argue in this regard that unreasonable assistance is what fits here and tries to put it into this category. He cites Brown. He cites Suarez. And in doing so, he's arguing that this court should only consider whether Mr. Richards, as post-conviction counsel, properly presented the post-conviction claims. And since he did not attach the required documentation, which is fatal to the claim, that this court should remand without considering whether those underlying claims have any merit. That was my next question to you, Counselor. To respond, your opponent makes quite an argument that his argument that the claim of unreasonable assistance of post-conviction counsel should not depend for its success on the merits of the underlying claims. Yeah, tell me what the problem is with that argument. The problem is the cases that he relies on for that. Suarez, the defendant's attorney, did not just provide unreasonable assistance. He also failed. He violated Rule 651. He did not file a certificate, and the record did not demonstrate that he complied with the rule in any way. And it was that failure that justified the reversal, regardless of the merits of the underlying claims. But that ruling doesn't apply here, where the attorney represented defendant at the first stage and filed the first post-conviction petition. In those cases, just like this one, you need to consider whether the underlying claims have merit. And in this case, we do that thoroughly in our briefs, and you can see that they don't. Most of the claims that defendant relies upon, actually for his, I think there may be some provided unreasonable assistance, he argues that post-conviction counsel should have raised the issue that trial counsel was ineffective for failing to do four things, introduce evidence of a bloody glove print, move for a mistrial, challenge credentials of an investigator, and call an alibi witness. All of those matters relate to trial strategy and cannot support a claim of ineffective assistance of counsel, especially where here, for instance, the trial attorney vigorously represented the defendant during trial. And he did. The record is replete with pre- and post-trial motions that were filed and argued. Trial counsel conducted extensive cross-examinations of all the state witnesses. He presented evidence in the defendant's case. He challenged various pieces of the state's evidence. So when you look at the totality of his conduct, you cannot say that that trial attorney provided ineffective assistance of counsel. And that's what a defendant would need to do in this case to prove unreasonable assistance. He can't do it here, which is why he wants you to focus on Suarez or Brown and the lack of documentation. But you have to get to the merits of the underlying claims. And there again, it's all trial strategy and cannot support the claim of ineffective assistance. But you do not have a per se conflict, and you do not have an actual conflict. So in that regard, those claims must fail. If I can touch on, counsel briefly mentioned that Judge Chambers should be removed from the case. And if you were to remand, that it should be somebody, a different judge, being ordered to oversee the case. Well, first of all, it has to be stated that removing a judge from a case is not... You're fading out again. I'm sorry. I have to state that removing a judge from a case is not something that should ever be done lightly. And Judge Howard here properly reviewed the substitution of judge motion and denied it properly. Do you agree with the defendant that the record indicates that Judge Chambers was laughing and smirking at certain points? His claim, and I apologize if I misunderstood, defendant's claim is that the trial court admonished defense counsel for laughing and smirking. I'm not sure if you said that Judge Chambers was laughing and smirking. There's no indication and no allegation of that at all. It was that trial counsel admonished defense counsel that he laughed and smirked in front of the jury. And it wasn't done in any way that denigrated defense counsel. He was trying to maintain decorum in the courtroom. This was a double homicide and it had to be taken very seriously. I don't think that was Justice DeLore's question though, because the judge gave... Judge Chambers gave what was purported to be an affidavit, although it wasn't sworn to and so on. But in that affidavit, he denied admonishing defense counsel for laughing and smirking. And that is totally belied by the record. And that's what Justice DeLore was asking. I apologize. I misunderstood. What we also have from the record is Judge Howard stating very clearly that notwithstanding that affidavit, if you will, that there was no prejudice shown. And why not? You know, although your opponent didn't clearly state this, he suggested that the assistant state's attorney did his or her own degree of smirking and laughing and was not reprimanded in the same way. And if that is the case, why wouldn't that be biased? First of all, the record fails to flush out the defendant's allegation. There's nothing in the record that indicates that the state laughed or smirked in any way. And when this was done by the defense counsel one time, the court's comment to maintain decorum was done also one time. It was brief and it wasn't done in any way that denigrated defense counsel in front of the jury. And the other claims that he trial court denigrated defense counsel cannot be flushed out either. The trial judge, Judge Chambers, when you look at this record in its entirety, and it is lengthy, did a very good job being fair to both sides and maintaining that decorum that needed to be had in the courtroom. So, Judge Howard's decision upon looking at the record and considering all of the claims is supported, certainly isn't against the manifest way to the evidence that the defendant failed to establish the requisite prejudice that he would need to establish in this regard. Judge Chambers also would not have been required to recuse himself under the Supreme Court rules and due process also does not require a trial court to be disqualified just because a defendant makes a claim or an allegation of misconduct on the trial court's behalf. If that was the case, many defendants across the board could file those claims and just do so in order to get before a different judge. The record, rather what would happen, what needs to happen is that a reviewing court does need to examine the record to make sure that the judge conducted a fair trial or a fair hearing in this regard, in spite of any good cause the trial court may have to have negative feelings against the defendant. But the record here does clearly show and supports Judge Howard's decision that Judge Chambers conducted a fair trial and a fair PC hearing. So, no other judge would need to be assigned to this case. As for the other issues, if there aren't any other questions, the people would rest on its brief and we do respectfully request this court to affirm the denial of the defendant's post-conviction petition. Are there any other questions from the panel? Hearing none, thank you, counsel. And defendant has five more minutes for a reply. You're muted. Thank you, Your Honor. Here we go. The Illinois Supreme Court set in 1993, People v. Johnson, that reviewing courts cannot presume that the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties. The Illinois Supreme Court has reiterated that there is not an examination of the underlying issues repeatedly. And so the state's insistence that Mr. Sorko is required to do so here is contradicting Illinois state precedent. Additionally, the state very quickly moved past the Krankle comparison. Certainly, the distinction is well taken. But the entire premise of Krankle is that there is necessarily a conflict of interest situation. Certainly, a conflict can be waived in any situation. But there's certainly no argument that that was done here. Mr. Sorko, as soon as he was informed of the conflict, moved for new counsel. So that's different here. And in fact, if there were to be a finding, while the Illinois Supreme Court has certainly not extended per se conflict to this area, it is also not addressed the question to say that it is not a per se conflict. And I think that if such a finding were made, the entire structure of Krankle would be called into question. And so consistent with Krankle, this is a similar to a per se situation, although outside of the three recognized categories. But in the alternative, counsel's mere failure to document, as required by statute, these claims calls for reversal. And furthermore, Mr. Sorko requests that this court remand this case in front of a new judge. Because not only is Mr. Sorko alleging that there were antics or laughing and smiling on behalf of the state that would not be shown in the record, but we also have a situation where Judge Chambers' affidavit in arguing against his own substitution actually misstated the record and denied that he had ever reprimanded defense counsel for smiling. Mr. Gentry, isn't the bias supposed to be toward the defendant, not the defense lawyer? I mean, I think that there's a lot of case law that talks about that. So are you imputing what Judge Chambers may have said to Mr. Richards, to his bias towards Mr. Sorko? It is indeed. You know, one step of difference, as you say, Your Honor. However, in, you know, in a circumstance. Justice Cunningham, you're muted. Sorry, thank you. It's an important step because the judge has the responsibility for maintaining decorum in the courtroom. And unless they're on the witness stand, usually the defendant is not speaking or doing anything that would require the judge to speak directly to the defendant. So any management of the courtroom usually is happening through the lawyers that are representing both sides. Is it your position that by doing so, the judge is showing a bias against the defendant? I mean, that's what it sounds like you're saying. Your Honor, I certainly could not prove definitively that the judge is biased. But having said that, the evidence here, the only evidence is that the judge was not truthful in his affidavit in speaking as to this issue. And there was additionally evidence. We don't know the nature of the evidence because it's not documented again. But there is evidence outside the record pertaining to this question. So where there is some evidence outside the record, while it may pertain to the management of the case, where there's a double standard, this is going to be imputed to the defendant by the jury. Certainly, defense counsel is only there for the defendant. And for these reasons and because of Judge Chambers' affidavit, which is factually incorrect as to this issue, showing that there is indeed prejudice, where the judge is incapable of accurately recounting the facts pertaining to this issue. These reasons and any reasons that this court may find previously by a briefs, Mr. Zirko requests that this case be remanded for new second stage proceedings with the appointment of counsel, the opportunity to properly shape these claims in front of a different judge. Thank you. Thank you. Any other questions by the panel members? No. Hearing none, the matter will be taken under advisement. And the arguments are now concluded. Court staff is directed to remove everyone from the Zoom conference room, except for the justices on the panel.